UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DENISE R. YONETANI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:24-CV-188 |
| | ) | |
| ADVANCED CALL CENTER | ) | |
| TECHNOLOGIES JOHNSON CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Denise R. Yonetani has filed a pro se Complaint [Doc. 2], and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court.

**I.** *IN FORMA PAUPERIS* **MOTION**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S. Ct. 85 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to commence a civil action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27, 112 S. Ct. 1728 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). To proceed *in forma pauperis*, a plaintiff must show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S. Ct. at 90. An affidavit to proceed *in*

*forma pauperis* is sufficient if it demonstrates that the requesting party cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S. Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and her economic status in deciding whether to grant leave to proceed *in forma pauperis*. Therein, Plaintiff reports that she owns a home valued at $325,200.00. She also reports earning $3,200.00 in gross pay per month with a net monthly income of $2,400.00 per month, although it appears that Plaintiff may have become unemployed in August 2024. At the same time, even if Plaintiff is unemployed, it appears that her home is unencumbered and that she has almost no debt. The debt Plaintiff does list includes a car payment, but she did not list an automobile as part of her assets. Given the significant value of Plaintiff's reported assets, the Court cannot find that she qualifies to proceed *in forma pauperis*. Although Plaintiff appears to have limited cash on hand, the Court cannot find that she meets the definition of impoverished; therefore, the Court must recommend that Plaintiff's Motion [Doc. 1] be denied.

Because Plaintiff is proceeding pro se, prior to making this recommendation, the Court entered an Order [Doc. 4] on November 1, 2024, in which Plaintiff was given twenty-one days to either pay the filing fee or to further demonstrate why she qualified to proceed *in forma pauperis*. Plaintiff was also warned in the order that failure to either pay the filing fee or to further demonstrate her inability to pay the filing fee would result in the undersigned recommending that her case be dismissed for failure to prosecute. Despite the passage of more than twenty-one days, Plaintiff has taken no further action.

## II. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis [Doc. 1] be **DENIED** and further **RECOMMENDS** that her case be **DISMISSED without prejudice** for failure to prosecute.

This matter is now presented to the District Judge upon this Report and Recommendation under the authority of *Woods v. Dahlberg*, 894 F.2d 187, 188 (6th Cir. 1990), wherein the Court states that such matters proceed to a district judge for examination after a magistrate judge has recommended that the petition to proceed *in forma pauperis* should be denied.[1]

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).